UNION IRON WORKS COMPANY v. FREDERICK O. KILGORE and Another.[1]

65      497
f82     541

July 15, 1896.

Nos. 10,035—(276).

### Assignment of Account—Acceptance by Debtor—Garnishment.

An order attached to an account, directing its payment to the party named in the order, and delivered to him, operates as an assignment of the debt or account, although the order is not accepted by the debtor, and is valid as against a subsequent garnishment.

Action in the district court for Hennepin county against Frederick O. Kilgore and another, as defendants, and Shevlin-Carpenter Company as garnishee. Gemlo Iron Works Company intervened as claimant of the funds in the hands of the garnishee. Upon the disclosure of the garnishee an order was made by Russell, J., discharging the garnishee. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Conant & Conant*, for appellant.

*Chas. G. Laybourn* and *Howell W. Young*, for respondents.

BUCK, J.[2]  On December 31, 1894, the garnishee, Shevlin-Carpenter Company, a corporation, gave an order of purchase to the defendant Kilgore for a set of patent steam press rolls, to be completed and delivered at the mill of the garnishee on or before March 15, 1895, to be guarantied perfect in every way, for which the garnishee promised and agreed to pay the sum of $800. This machinery was manufactured and delivered to the garnishee on April 16 or 17, 1895. About the same time the manufacturers of the machinery, the Gemlo Iron Works Company, presented a bill, made out in its own name, against the Shevlin-Carpenter Company for the $800, the purchase price for these rolls. The garnishee refused to recognize the Gemlo Iron Works in the transaction, stating that it did not know such works in the transaction, and only recognized the defendant Kilgore, with whom their dealings had been had. Thereupon an account was made out in favor of F. O. Kilgore, as follows:

[1] Reported in 67 N. W. 1017.      [2] Mitchell, J., absent, took no part.

65 M.—32

"Minneapolis, Minn., Mar. 30, 1895.

"Shevlin-Carpenter Co.   In account with F. O. Kilgore, Dealer in Special Saw-Mill Machinery, Steam Shovels and Dredges, 106 Lumber Exchange.

"Terms.

"1 set steam press rolls.................................... $800
    "Accepted June 25, 1895.

"Shevlin-Carpenter Co.
"J. H. Shevlin, Prest.

"Pay to Gemlo Iron-Works Co.

"F. O. Kilgore."

This order was delivered to the Shevlin-Carpenter Company on April 16 or 17, 1895, and retained by it, and the order never passed out of its possession.   It made no objections to paying the order to the Gemlo Iron Works Company, as directed by Kilgore, except that it desired, before paying it, to test the working of the press rolls. These proved to be satisfactory, and it had them and the account and order in its possession at the time of the service upon it of the garnishee summons, viz. June 1, 1895.   It did not formally accept the order until June 25, 1895.

The plaintiff, claiming that the defendants Kilgore and Lane were indebted to it in a sum exceeding $25, made an affidavit that the Shevlin-Carpenter Company was indebted to Kilgore, one of said defendants, and caused a garnishee summons to be served on it on June 1, 1895.   The Gemlo Iron Works Company intervened, claiming that it was entitled to the whole indebtedness of $800, the purchase price for the rolls, which it had promised to pay Kilgore, and which it claimed by reason of having manufactured the rolls, and for which Kilgore had executed the order assigning the accounts which we have quoted at length.   By stipulation of the parties it was agreed that the Gemlo Iron Works Company had a mechanic's lien for $450 of its claim on account of its manufacture of the rolls, and that it was entitled to this amount out of the $800.   The contest is over the balance, viz. $350.

The plaintiff contends that the giving of the order by Kilgore to the Gemlo Iron Works Company did not operate as a sale or assignment of the debt, and in particular that it could not so operate until its acceptance by the Shevlin-Carpenter Company.   The contention of the intervenor is to the contrary.   All parties claiming any interest or right to the fund appeared in the proceeding.   It is to be observed that the in-

strument under consideration is an account made out by one party against another for furnishing material and doing work, and an order attached thereto by the party to whom it was payable, directing that the entire sum be paid to the manufacturer, who actually did the work and furnished the material. It was not a bill of exchange. We are of the opinion that this order operated as a valid assignment of the account or debt, although it was not formally accepted by the debtor before the company was garnished. The debtor was not only notified of this assignment several weeks before the garnishment, but received the account, with the order attached, and retained it, and its express assent thereto was not required in order to establish its liability to the Gemlo Iron Works Company. The Shevlin-Carpenter Company makes no defense upon the merits against the payment of the account, and it never had any such defense. It is ready and willing to pay the balance of $350 when the court shall decide which party is entitled to it. Its rights, as well as all others, are therefore protected. Kilgore has parted with his interest in the debt, and he could no longer maintain an action for it against the Shevlin-Carpenter Company for his own benefit. And as he had parted with his right and interest in the debt at the time of the garnishment, it results that plaintiff cannot maintain an action against the Shevlin-Carpenter Company, who were no longer indebted to Kilgore, but to the Gemlo Iron Works Company. See Conway v. Cutting, 51 N. H. 407. See, also, cases cited in notes on pages 15 and 16, 1 Daniel, Neg. Inst.

Order affirmed.